### CHESTNUT *v.* HARRIS.

#### Opinion delivered January 15, 1897.

TAX SALE—DESCRIPTION OF LAND in a tax assessment and in the notice of the sale of delinquent lands as "NE. SE. Sec. 24," etc., is sufficient. (Page 581.)

Appeal from Drew Circuit Court.

MARCUS S. HAWKINS, Judge.

*Z. T. Wood,* for appellants.

The description, "NE. SE. sec. 24; township 13; range 7; No. of acres 40," is sufficient to identify the land, and give notice to the delinquent owner. Sand. & H. Dig., § 6625.

*Wells & Williamson,* for appellees.

The description of the lands in the assessment list, and also in the notice of sale of delinquent lands, was too vague. 59 Ark. 460; 43 N. Y. 107; 18 Am. & Eng. Enc. Law, pp. 278, 279 and 280. In order for a local usage of description to be binding on the parties, its establishment and notoriety, and the fact that it was known to parties, and that they contracted with reference thereto, must appear. Clark, Cont. 582, 583; 26 Minn. 212. Nor has chancery the power to correct a defective description in a tax deed. 84 Ala. 208; S. C. 4 South. 22.

BATTLE, J. An action was brought by appellant against appellees in the Drew circuit court to recover possession of the

northeast quarter of the southeast quarter of section 24 in township 13 south and in range 7 west, containing forty acres. He claimed by virtue of a sale thereof by a collector of revenue for the taxes assessed against the same for the year 1891. Appellees disputed the validity of the sale on two grounds: (1) Because the description of the land in the assessment and in the notice of sale is insufficient, and (2) because it was sold for too much cost.

The issues in the case were tried upon an agreed statement of facts. It was admitted that the land was described in the assessment list as follows:

| | TOWNSHIP 13, RANGE 7. | | |
|---|---|---|---|
| OWNER'S NAME | PARTS OF SEC. | SECTION | NO. OF ACRES |
| Bashie Harris | NE. SE. | 24 | 40 |

and in the notice of the sale of delinquent lands as follows:

| OWNER'S NAME | PARTS OF SEC. | SEC. | TOWNSHIP | R. | NO. OF ACRES |
|---|---|---|---|---|---|
| Bashie Harris | NE. SE. | 24 | 13 | 7 | 40 |

It was also admitted that it was sold for the taxes of 1891 and penalty, and for sixty cents costs, which included a fee of ten cents of the county clerk for attending the sale and five cents for furnishing the printer with a description of it in the list of delinquent lands advertised for sale.

Upon this statement of facts the court held that the sale was void because the description of the land in the assessment and in the notice of sale was insufficient; and rendered judgment in favor of the appellee. Did the court err?

The statutes of this state provide that each tract or lot of real property shall be so described in the assessment thereof for taxation as to identify and distinguish it from any other tracts or parts of tracts; and the same shall be described, if practicable, according to section, or subdivisions thereof, and congressional townships. They recognize the survey of the United States, and the division of lands, according thereto, into townships and ranges, and sections and parts of sections, and that a description according to such survey will be good and

sufficient. For this reason it has been held that a description of land for assessment by the abbreviations commonly used to designate government subdivisions would be sufficient. *Cooper* v. *Lee*, 59 Ark. 460.

In the case at bar the assessor attempted to assess a forty acres in section 24, in township 13 and range 7, in Drew county, in this state. It was a legal subdivision of land—a fourth of a quarter of a section of land. As described, it was described as the NE. SE. of that section. The first is the abbreviation of northeast, and the last of southeast. In the order they are used, they could designate only one legal subdivision of a section into forty acres, and that is the northeast quarter of the southeast quarter. They are not reasonably susceptible of any other interpretation. We think the land was sufficiently described in the assessment and notice of sale.

We have not overlooked the ruling of the court in *Cooper* v. *Lee*, 59 Ark. 460. In that case the land in controversy was described as "N. NE. section 2, Township 15 Range 6, 87.19 acres." The section was not described as a fractional section, and 87.19 acres were not a legal subdivision, according to survey of the government, of a regular and complete section. There was nothing in the description in that case to show what was meant by the abbreviations, as in this. The "N" might have as reasonably been construed as meaning the North part as the North half. The description was not sufficiently certain to protect the interests of the owner.

The question we have decided is the only one presented by counsel in their briefs for our consideration. We decide no other.

Reversed and remanded for a new trial.