## BECK *v.* ANDERSON-TULLY COMPANY.

### Opinion delivered June 8, 1914.

1.  TAX SALES—DELINQUENT LANDS—COMPLAINT AND NOTICE.—The complaint and notice required by Act 262, Acts 1909, providing for the sale of certain delinquent lands in the St. Francis Levee District, must correctly describe the lands to be sold, and neither complaint or notice are susceptible of amendment, and such correct description is necessary in order to give the court jurisdiction. (Page 320.)

2.  JUDICIAL NOTICE—DESCRIPTION OF LANDS.—The court will take judicial notice that all lands in Crittenden County, Arkansas, are in townships north of the base line and east of the fifth principal meridian, and it is therefore unnecessary, in describing lands in Crittenden County to put the word "north" after the figure designating the township, nor the word "east" after the figure designating the range. (Page 322.)

3.  DESCRIPTION OF LANDS—JUDICIAL NOTICE.—The court will take judicial notice of the fact that lands are described under the United States Government survey by designating, first, the section, then the township, and then the range in the order named. (Page 322.)

4.  TAX SALES—DESCRIPTION OF LANDS.—The description of lands in the complaint, notice and decree in a proceeding to sell certain lands for delinquent taxes, in the St. Francis Levee District, held valid. (Page 323.)

5.  TAX SALES—DELINQUENT LANDS—DESCRIPTION.—The description of lands to be sold for nonpayment of taxes held valid when the complaint described the same as "W. ½ 6-3-7," and the notice described the same as "W. ½ section 6, township 3 north, range 7 east." (Page 323.)

6.  TAX SALES—DESCRIPTION.—A description of the land by the abbreviations commonly used to designate government subdivisions sufficiently identifies it; but the use of abbreviations in a tax assessment or notice must be confined to those commonly known or understood. (Page 323.)

7.  TAX SALES—DELINQUENT TAXES—AMOUNT—VALIDITY OF DECREE.—The complaint in a chancery proceeding to condemn certain lands for delinquent taxes amounting to $35.20 prayed a lien for taxes, penalty, interest and costs. *Held*, a sale of the land is valid under a decree which recites that the taxes, penalty and costs are $46.88, when the proceedings were properly had, and there is no showing that the decree was entered for an excessive amount of taxes, penalty and costs. (Page 324.)

Appeal from Crittenden Chancery Court; *Charles D. Frierson,* Chancellor; reversed.

### STATEMENT BY THE COURT.

The appellee was the owner of 320 acres of land, described as follows: West half of section 6, township 3 north, range 7 east, in Crittenden County, Arkansas. This land had been sold for levee taxes under an act of the Legislature creating the St. Francis Levee District, in 1893, and Amendatory Act No. 262, approved May 24, 1909, providing for a proceeding *in rem.* in the chancery court for the collection of the delinquent assessments against such lands. The act, among other things, provides that the board of directors of the St. Francis Levee District "shall file its complaint setting out the list of lands, * * * each being set opposite the supposed owner, and followed by the total amount of taxes and penalty due upon the same. The clerk of the court shall thereupon cause to be published a notice containing said list of lands * * * with the names of the supposed owners and amounts due, in some weekly newspaper for four weekly insertions before any day of the next term of said (chancery) court, which said notice shall call upon the alleged owners named in the complaint and all other persons claiming any interest whatever in the said lands * * * to appear and show cause why a decree should not be rendered condemning the same for sale for said delinquent taxes, interest, penalty and costs."

The board filed its complaint in the chancery court, under the above act, describing the land as follows:

| Name | Description | Acres. | Tax |
|---|---|---|---|
| R. E. Gardner | W. ½ 6-3-7. | 320. | $35.20 |

(and other lands).

Upon the filing of the complaint the clerk issued a warning order in the form prescribed by the above statute, in which he called upon any and all persons having or claiming an interest in the lands to appear and show cause, etc. The lands were described in the notice as follows:

"Township 3 north, range 7 east.

| Name | Part of Sec. | Sec. | Acres | Tax |
|---|---|---|---|---|
| R. E. Gardner. | W. ½ | 6 | 320 | $35.20 |

(and other lands, which were described).

The board of directors of the St. Francis Levee District were plaintiffs and Ruth Ellis and "certain lands" were defendants. The decree recites that "the cause came on to be heard upon the complaint of the plaintiffs and exhibits thereto attached and the proof of publication of warning order or notice required by law, and "oral evidence at the bar of the court," and the court specifically found that the complaint was in due form and due and regular notice of the pendency of the suit had been given, and the court found the amount of taxes, interest, penalty and costs due upon each of the tracts of land and decreed the same a lien as against all persons having any interest therein, and directed the sale thereof in default of payment. The lands were described in the decree under the name of the alleged owner, R. E. Gardner, and as "the west half of section 6, in township 3 north, range 7 east, acres 320, total taxes, interest, penalty and costs, $46.88."

The lands were advertised for sale, and were described in the notice of sale as in the decree. The time for the payment of the amount as directed by the decree having expired without payment of same, the lands were duly sold on the day advertised by the commissioner, and were purchased by certain parties for $500. The commissioner reported the sale to the court, and the time for redemption having expired, deeds were executed to the purchasers, which were presented to the court and the sale was in all things confirmed and the deeds approved. The lands were subsequently sold, by those who bought the same at the court sale, to one J. O. E. Beck for the sum of $3,350. He mortgaged it, with other lands, to one Brown, as trustee for J. A. Beck, to secure the sum of $10,000.

This suit was brought by the appellees to set aside the sale made by order of the chancery court. The com-

plaint set up that the sale was void, among other things, for the following reasons: "That the description of the land set out in the complaint did not contain any proper description of the land, and was not sufficient to identify the land in that it did not indicate the section, township and range," and, further, "that the complaint showed only the amount of taxes due, and did not show the total amount due, including penalty of 25 per cent, as required by the statute."

The appellee prayed that the decree be set aside and that the deeds executed thereunder be cancelled and its title quieted.

The court found that the decree condemning the lands and ordering same to be sold for the delinquent assessments was void, and entered a decree setting the sale aside and cancelling the deeds, from which decree this appeal has been duly prosecuted.

*A. B. Shafer* and *H. F. Roleson,* for appellant.

1.  The principles governing this case are settled by 142 S. W. 836; Acts 1909, 782; Act 1905, 88.

2.  An affidavit for warning order is an indispensable prerequisite. 70 Ark. 409; 68 S. W. 242.

3.  On collateral attack, the rule is that if the complaint asks the aid of the court, the decision, however erroneous, is not void. 77 Ind. 371; 52 Ark. 160; 52 Ala. 291; 101 N. W. 73; 166 U. S. 533; 23 Kan. 95-97; 21 N. E. 1090.

4.  The description of the land was sufficient. 21 N. E. 1090; 37 *Id.* 540; 31 Ark. 379, 383, 384; *Ib.* 329-335; 127 Fed. 219.

5.  Errors and defects that do not affect the substantial rights of parties are disregarded by the courts. 148 S. W. 458; 160 *Id.* 866; Kirby's Dig., § 6148; 55 Ark. 37. The policy of the law is to maintain judicial sales. 166 U. S. 533.

*C. H. Trimble,* for appellee.

1.  The court acquired jurisdiction. The proceeding is statutory and the description of the land is sufficient.

59 Ark. 460; 26 Minn. 212; 2 N. W. 495; 49 *Id.* 724; 50 Ark. 188-190; 55 *Id.* 30-33; 70 *Id.* 207. Jurisdictional facts must appear of record. 56 Ark. 420; 51 *Id.* 34; 54 *Id.* 627; 59 *Id.* 483.

2. The proceeding was strictly *in rem.* 50 Ark. 188-191.

3. The rule as to the distinction between presumptions aiding the proceedings of superior courts is stated in 51 Ark. 34-39. A complaint can not be considered to have been amended to fit the proof. 55 Ark. 562; 56 *Id.* 419; 107 Tenn. 214-219, 220.

4. Failure to follow the statute is fatal. 70 Ark. 807; 59 *Id.* 460; 56 *Id.* 419; 51 *Id.* 420; *Ib.* 34-39; 59 Ark. 483. Jurisdictional facts must be stated; they can not rest *on parol.* 55 Ark. 281, 562-565.

5. The lands must be properly described. 37 Cyc. 1303; 107 Tenn. 214, 219, 220; 18 S. W. 1044.

6. A tax sale is void for excess of costs. 61 Ark. 414.

WOOD, J., (after stating the facts). The proceeding in the chancery court to sell the lands for the delinquent assessments under the provisions of the amendatory act of May 24, 1909, was made "a proceeding *in rem.*"

In order to give the chancery court jurisdiction over the particular tract of land in controversy, it was essential that the board file a complaint in which the lands were described with sufficient certainty to enable the clerk to give the notice in the form prescribed by the statute, describing the lands with such accuracy that the alleged owners and all other persons claiming any interest whatever in the lands would be advised, by reading the notice and referring to the complaint, of what particular lands were involved in the proceeding for the sale of the same.

In *Crittenden Lumber Company* v. *McDougal,* 101 Ark. 390, an attack was made by the lumber company upon the validity of the commissioner's deed, made in pursuance of a sale by order of the chancery court on lands that were sold for levee taxes under the authority and in pursuance of the act creating the levee district. In that case we said: "This is a collateral attack upon a domestic judgment of

a court of general jurisdiction. It is 'well settled that
every presumption will be indulged in favor of the juris-
diction of such court, and the validity of the judgment
which it enters. Unless it affirmatively appears from
the record itself that the facts essential to the jurisdic-
tion of such court did not exist, such collateral attack
against the judgment rendered by it will not prevail. It
is true that a judgment may be attacked collaterally,
where, by the record, it is shown that there was want of
jurisdiction in the court rendering it, either of the sub-
ject-matter or of the person of the defendant.''

As this was a proceeding *in rem,* the filing of the com-
plaint correctly describing the lands, was necessary in or-
der to give the court jurisdiction of the subject-matter.
See *McCarter* v. *Neil,* 50 Ark. 188-191. Therefore, unless
the land was correctly described so as to enable the clerk
to give notice of the particular tract involved the record
itself would show that the court had no jurisdiction, and
this would render the decree void even on collateral at-
tack, as this is.

A complaint correctly describing the lands, under
the act, is the primal step in the proceeding. It is the
basis upon which the clerk must act in giving the notice
provided for. No presumptions can be indulged in favor
of a decree grounded upon a complaint that does not con-
tain a correct description of the particular tracts of land
ordered to be sold. The notice must be given by the clerk
of the lands described in the complaint. Unless the lands
are correctly described, the notice will necessarily be in-
sufficient. Neither the complaint nor the notice are sus-
ceptible of amendment, and therefore no presumptions
can be indulged contrary to what they show on their face.
They are preliminary and prerequisite to a seizure and
control by the court of the land sought to be condemned
for the delinquent taxes.

But the description of the land in the complaint here
was sufficient to give the court jurisdiction over the par-
ticular tract of land, which was correctly described by the
clerk in the notice he gave under the statutes, and which

is correctly described in the decree under which the land was sold.

All the lands in Crittenden County are in townships north of the base line and east of the fifth principal meridian. Of this the court will take judicial cognizance. It was therefore not necessary to put the word *north* after the figure designating the township, nor the word *east* after the figure designating the range. Under our revenue system lands are listed so that opposite each name follows in order, the description of each tract by section, or the largest subdivision of which the same is capable, designating the number of the section and part thereof, the congressional township or survey, and the value of each tract.

The law prescribes the form in which lands shall be listed on the return of the assessor, as follows: In making such return each separate tract of land in each congressional township shall be placed in the numerical order of the section * * * which returns shall be as near the following form as practicable:

| Name of Owners | Part of Section | Section | Township | Range | No. of acres | Value |
|---|---|---|---|---|---|---|

(Kirby's Digest, § 6976).

This order of the listing of the lands follows the description of the Government survey as to the numbers designating respectively the section, township and range.

In the act creating the St. Francis Levee District it is provided: "The said lands shall be entered (for assessment) upon such books in convenient subdivisions as to survey by the United States Government." The court will take judicial notice of the fact that lands are described under the United States Government survey by designating first the section, then the township, and then the range, in the order named. When these provisions of our revenue law and the act creating the St. Francis Levee District, in regard to the manner in which lands are to be listed and described, are taken into consideration, there can be no room for uncertainty or mistake in the description of the lands contained in the complaint

filed by the board of directors of the St. Francis Levee District. The letter and figures, "west half 6-3-7" under the word "description," as used could only mean the west half of section 6, township 3, range 7; and since all the lands in Crittenden County are in townships north and ranges east, necessarily the words *north* and *east* must be understood as following the figures designating the numbers of the township and range. This description, "west half 6-3-7," was correctly interpreted by the clerk as meaning the west half of section 6, township 3 north, range 7 east, and, accordingly, the notice was published giving the full description of the land, writing out the words "section," "township" and "range," preceding the numbers. Considering the manner in which lands are described, and the subdivisions thereof under the United States Government survey, and that they are to be listed and described in that order under our revenue system, and the act creating the St. Francis Levee District, we are of the opinion that the description contained in the complaint was susceptible of no other interpretation than that placed upon it by the clerk in the notice, and the court in rendering the decree for the condemnation and sale of the land.

In *Cooper* v. *Lee*, 59 Ark. 460, we said: "A description of the land sufficient to identify it and notify the owner is essential to a valid sale in a proceeding to sell land for nonpayment of taxes." And, further, "A description of the land by the abbreviations commonly used to designate Government subdivisions sufficiently identifies it; but the use of abbreviations in a tax assessment or notice must be confined to those commonly used and understood" (pp. 462, 463).

The land was described in the complaint in the chancery proceeding so that any one having sufficient education to read, and enough intelligence to comprehend the usual and ordinary terms in which descriptions of land are couched, could readily understand what lands were involved. No land owner nor any one interested in these lands, if they exercised any sort of diligence, could have

been mistaken as to the description of these lands. The complaint and the publication by the clerk gave notice to the world that the lands, among others, sought to be condemned and sold for delinquent levee assessments were the west half of section 6, in township 3 north, range 7 east, in Crittenden County. The chancery court therefore had jurisdiction and its decree, under which appellants claimed, is invulnerable to the collateral attack made upon it by the appellee.

The appellee contends that the chancery sale was void because the complaint specified that the amount of taxes was $35.20, and that the amount of the penalty and interest was not mentioned; that the warning order contained the same sum, but that a decree was rendered for the sum of $46.88, which rendered same void.

An examination of the complaint that was filed in the chancery proceeding to condemn for delinquent taxes shows that the board of directors asked that a lien be declared and the lands sold for the amount of the taxes and penalty, together with interest and costs due on each tract of land respectively. The notice published by the clerk informed the owners and all others interested that they were required by law "to appear and make defense to said suit or the same will be taken for confessed, and final judgment will be entered directing the sale of said land for the purpose of collecting said delinquent levee taxes, together with payment of interest, penalty and costs which will accrue as allowed by law."

The decree recites that the total tax, penalty and costs allowed by law and adjudged against the tract of land in controversy was $46.88. It also shows that the cause was heard upon the complaint and exhibits, proof of publication, and oral evidence taken at the bar of the court. These recitals of the record are sufficient to justify the decree for the amount named therein. There is no showing that the decree was entered for an excessive amount of taxes, penalty and costs. It will be presumed that the chancery court ascertained the correct amount, and that the decree reflects that sum.

The decree of the chancery court, therefore, in the suit at bar, setting aside the sale of the lands and cancelling the deeds under which appellants claim title, was erroneous, and it is therefore reversed and the cause will be remanded with directions to dismiss appellee's complaint for want of equity.

HART, J., dissents.