## O'BARR *v.* SANDERS.

### Opinion delivered June 22, 1914.

1. DELINQUENT TAXES—COLLECTION—REMEDY.—Act 235, Acts 1909, did not abolish any causes of action that had accrued and that were then in existence for the collection of delinquent taxes prior to that year, but it did furnish the remedy that should be pursued for the collection of all delinquent taxes, no matter for what year the same had accrued. (Page 453.)

2. TAXES—DELINQUENT TAXES—CHANCERY DECREE—COLLATERAL ATTACK. Lands were ordered sold for delinquent taxes, the court having jurisdiction, and the proceedings being regular. *Held*, the decree can not be overcome and set aside by collateral attack, in an action to invalidate the sale made under the decree. (Page 453.)

3. DELINQUENT TAXES—TAX SALE—PAYMENT—REMEDY.—Act 235, Acts 1909, provides a remedy for the land owner who has paid drainage taxes, when the lands have been sold as delinquent. (Page 453.)

Appeal from Clay Chancery Court, Eastern District; *Charles D. Frierson,* Chancellor; reversed in part; affirmed in part.

### STATEMENT BY THE COURT.

On August 13, 1912, G. W. Sanders and J. F. Ogles filed their complaint against W. H. O'Barr and C. C. Jarrett; on August 31, 1912, D. V. Glover and Paul M. Will filed their complaint against the same defendants; and on September 8, 1912, Alvis Hogan, Russ Howerton, Charley Hayden, W. R. Winn and Albert Vincent filed their complaint against the same defendants, all in the chancery court for the Eastern District of Clay County, Arkansas, to quiet title to several tracts of land, described in their respective complaints. Sanders and others claimed to own lots 10, 11 and 12 in block 1, Wright's Addition to the town of Rector, Arkansas. Glover and others claimed to own the north half of the northwest quarter of section 31, township 19 north, range 8 east. Vincent and others claimed to own the east half of the northwest quarter of section 33, township 19 north, range 8 east.

The complainants set up that the several lots and tracts of land owned by them respectively were sold on June 4, 1910, under an order of the chancery court condemning the lands for sale for delinquent drainage taxes, penalty and costs, for the years 1905, 1906 and 1907; that the lands were bought by O'Barr; that the deeds executed to O'Barr and approved by the court, making the sale, were void, and were clouds on plaintiffs' title, for the following reasons: (Here seventeen different grounds were given as reasons for avoiding the sale made for the drainage taxes.)    The eleventh reason was as follows: "The commissioner's deeds are void because the taxes for which said lands were condemned and sold were not delinquent, but had been paid."

It is unnecessary, in the view we take, to set forth the other grounds alleged.

The defendants answered, denying specifically each of the alleged grounds of invalidity set up in the complaints, and averring that the decree of the chancery court and all the proceedings thereunder condemning the lands to be sold, were in all things regular and valid.

The decree condemning the lands to be sold was rendered at the April term, 1910, of the Clay Chancery Court, and the deeds were approved on November 22, 1911.

Glover testified that he paid drainage taxes, and exhibited receipts showing the payment of such taxes for the years 1905, 1908, 1909, 1910 and 1911, on the north half of the northwest quarter of section 31, township 19 north, range 8 east.

One Seitz testified that he was secretary of the St. Francis Drainage District during the years 1905, 1906, and 1907, and that the taxes for 1905, 1906 and 1907 were all in the same book. The two years taxes of 1906 and 1907 were made out together and levied together; the taxes were assessed jointly for the two years. This book shows that the assessment for the year 1905 of $4 on above tract was paid November 18, 1906. The assessment of 1905 was also paid on the east half of the northwest

quarter of section 33, township 19 north, range 8 east, on October 23, 1906.

The assessment for 1906 and 1907 on the above tracts of land as shown by the list or book, was not paid. This book was the only book furnished the treasurer, and contained the only list showing what lands were assessed and the amount of the assessments. It also showed that the assessment against lots 10, 11 and 12, Wright's Addition to the town of Rector for the years 1905, 1906 and 1907 had not been paid. If the taxes for the years specified had been paid, the books would show it.

Witness Hogan testified that he paid taxes on the east half of the northwest quarter of section 33, township 19 north, range 8 east, both general and special, for the year 1907. He got the receipt. He paid the drainage taxes, and the receipt for this was separate from the general tax receipt. His attention was called at the time to pay his drainage taxes, and the collector was there at Rector and he went in and paid them. The tax receipt was deposited in the Rector Bank. When he went to get the receipts, some of his papers had been misplaced, and he could not get them.

The above was substantially the evidence on behalf of plaintiffs below, appellees here.

The evidence on behalf of the defendants below, appellants here, consisted of the record of the proceedings of the chancery court for the Eastern District of Clay County in the case of St. Francis Drainage District against delinquent lands, in which the lands in controversy were condemned and sold for the delinquent drainage taxes for the years 1905, 1906 and 1907. The record showed the complaint against the lands in controversy, the notice, proof of publication, the decree, the commissioner's report showing the sale of the lands, and the approval thereof, and the deeds to O'Barr and the approval thereof by the chancery court.

The decree in the present case recites that the three cases were consolidated and tried together, and the chancellor found in favor of the plaintiffs below and entered

a decree cancelling the commissioner's deeds to O'Barr, giving him a lien for the taxes, penalty and costs that had been paid by him. To reverse that decree, this appeal has been duly prosecuted.

*Johnson & Burr,* for appellants.

1. These suits are a collateral attack upon a final decree. A suit to cancel a commissioner's deed as a cloud upon title is a collateral attack upon the decree of foreclosure and sale. 94 Ark. 519; 101 *Id.* 390; 94 *Id.* 588, etc.

2. Neither the attorneys nor the chancellor have pointed out any jurisdictional defect in the decree. None of the seventeen objections set out in the complaint are tenable. 83 Ark. 54; 94 *Id.* 588; 93 *Id.* 490; Acts 1905, p. 433; Acts 1909, p. 706, 710-714. The entire record is regular and valid, and the decree is conclusive on collateral attack. Cases *supra.*

*L. Hunter, J. W. Brawner, Huddleston, Fahr & Futrell* and *Holifield & Harrison,* for appellees.

1. No personal judgment could be rendered against a resident owner of lands. The act of 1909 is not retrospective. The action is not at common law, and can not survive the repeal of the act creating the right to sue. Acts 1905, No. 172; Acts 1909, No. 235. The latter act repeals the former. 80 Ark. 411; 88 *Id.* 324; 82 *Id.* 302; 105 *Id.* 77.

2. The decree is void on collateral attack for jurisdictional defects. Cases *supra.*

Wood, J., (after stating the facts). 1. This suit, as to all the grounds alleged for invalidating the deeds of the commissioner except that the taxes were paid, was a collateral attack on the decree of the chancery court condemning the lands to be sold. See, *Hall* v. *Morris,* 94 Ark. 519; *Crittenden Lumber Co.* v. *McDougal,* 101 Ark. 390; *Beck* v. *Anderson-Tully Co.,* 113 Ark. 316.

The record of the proceedings of the chancery court under which the lands in controversy were condemned and sold for delinquent drainage taxes shows that those proceedings were in all things regular and according to

Act No. 172 of the Acts of 1905, as amended by Act No. 235 of the Acts of 1909. There is nothing on the face of the proceedings, as shown by this record, evidencing a want of jurisdiction in the chancery court to decree a sale of the lands in controversy. It is clear that Act No. 235 of the Acts of 1909 did not intend to abolish any causes of action that had accrued and that were then in existence, for the delinquent taxes of prior years. But the act of 1909 was intended to furnish the remedy that should thereafter be pursued for the collection of all delinquent taxes, no matter for what year the same had accrued. Since the proceedings of the chancery court condemning the lands in controversy were regular on their face, and did not show any want of jurisdiction in the chancery court, all the matters alleged in the complaints of the appellees as grounds for invalidating the sale made under the order of the chancery court and the deed of the commissioner in pursuance thereof, can not avail here. Because the chancery court had jurisdiction, its decree, as to all things necessary for adjudication before the rendition thereof, can not be overcome and set aside by this collateral attack. See, *Lumber Co.* v. *McDougal, supra.*

2. However, Acts No. 235 of the Acts of 1909 contains this provision: "Provided, that at any time within three years after the rendition of the final decree under which the sale is made, the owner of the land may file his petition in the court rendering the decree, alleging the payment of the taxes on the lands for the year for which they were sold, and that upon the establishment of that fact, the court shall vacate and set aside the decree," etc.

It will thus be seen that the act itself provides a direct method for an attack on the decree of the chancery court condemning the lands for sale where the "taxes have been paid on the lands for the year for which they were sold." Under this provision appellants were entitled to have the decree set aside, and the deeds made in pursuance thereof cancelled, as to those tracts of land

where they showed that the taxes were paid for the years for which they were sold.

The chancellor was warranted in finding, under the testimony set forth in the statement, that the taxes were paid on the east half of the northwest quarter of section 33, township 19 north, range 8 east, for the years 1905, 1906 and 1907. But as to the other tracts in controversy, there is no testimony to contradict or rebut the testimony of the witness to the effect that the taxes on these tracts were not paid for all the years for which they were sold.

The decree of the chancery court therefore, will be affirmed as to the east half of the northwest quarter of section 33, township 19 north, range 8 east; but as to the other tracts, it will be reversed and remanded with directions to enter a decree dismissing the appellee's complaints for want of equity.