McCuiston v. White.

4-3566

Opinion delivered October 29, 1934.

*Frank C. Douglas,* for appellant.

*J. S. Abercrombie,* for appellee.

SMITH, J. It was adjudged in the decree from which this appeal comes that the tax sales of a certain lot in the city of Blytheville were void. One of these sales was had on June 2, 1930, for the nonpayment of a sewer district tax, and the second sale of the lot was had on June 17, 1930, for the nonpayment of a paving district tax.

At the time the suit was brought which questioned the validity of these sales a tender was made of a sum of money sufficient to redeem the lot from both said sales if redemptions were permissible. The decree recites that this money had been deposited in the registry of the court in an effort to redeem said lot, and the clerk was ordered to pay the money in his hands over to the plaintiff, who had purchased the lot from each of the improvement districts. The lot had, at each sale, been sold to the improvement district in whose behalf the sale was made, for the lack of other bidders.

It is unnecessary to determine whether the sales were valid or were void, as the right to redeem from the sales had not expired at the time the redemption tenders were made; indeed, the right of redemption has not yet expired. There was passed at the 1915 session of

the General Assembly act No. 43 (Acts 1915, page 123), entitled, ''An act to regulate sales by commissioners in chancery for special assessments and redemptions therefrom.'' It is provided in the portion of this act which appears as § 5644, Crawford & Moses' Digest, that the owner of property sold for the nonpayment of betterment assessments ''shall have the right to redeem from said sale at any time within five (5) years'' by payment to the clerk as commissioner of the sum of money then required to effect a redemption. The decree here appealed from recites, as has been stated, that there was a tender and a deposit of the required amount of money.

It was held in the recent case of *W. B. Worthen Company* v. *Delinquent Lands, ante* p. 723, that this statute, in so far as it applied to municipal improvement districts, had not been repealed by subsequent legislation, but was still in full force and effect as applied to municipal improvement districts.■

As the effect of the decree is to accord this right of redemption, it must be affirmed, and it is so ordered.

McHaney and Baker, JJ., dissent.