## WOLF & BAILEY *v.* PHILLIPS.

### Opinion delivered January 4, 1915.

1. TAX SALES—RECOVERY OF LANDS FORFEITED—AFFIDAVIT.—Under Kirby's Digest, § § 2759 and 2760, an action to recover lands held by another under a tax sale must be dismissed by the court if the affidavit required by Kirby's Digest, § 2759, has not been filed, setting forth a tender by plaintiff of the amount of taxes, costs and interest, etc.

2. TAX SALES—FORFEITED LANDS—SUIT TO RECOVER—SUFFICIENCY OF AFFIDAVIT.—In an action to recover lands forfeited for taxes, the affidavit filed by plaintiff as required by Kirby's Digest, § 2759; *held,* sufficient under the statute.

Appeal from Lawrence Circuit Court; Western District; *H. L. Ponder,* Special Judge; reversed.

STATEMENT BY THE COURT.

The appellants instituted this suit in ejectment to recover certain lands. Appellants claimed title by virtue of a tax deed and adverse possession. Appellee claimed title under tax deeds. The appellants alleged that the tax deeds under which appellee claimed were invalid by reason of certain irregularities in the publication of the notice for the sale of the lands.

Appellants, before the issuance of the summons, filed the following affidavit: "I, George G. Dent, attorney and agent for Wolf & Bailey, owners of the land in controversy (describing same), do solemnly swear that as such attorney and agent I have tendered to Carrie D. Phillips all taxes, interest and fees, together with all costs of improvement made by the said Carrie D. Phillips on said land, as required to be tendered before suit filed, and that the said Carrie D. Phillips refused to accept the same, but stated that she would not receive the same and that it was unnecessary for further tender to be made." (Signed) "Geo. G. Dent."

At a former term of the court the appellee moved to dismiss because of the insufficiency of the affidavit of tender. After first dismissing as to part of the lands involved, on a succeeding day of the same term, the court held that the affidavit was sufficient and overruled the motion to dismiss. At a succeeding term of the court the proceedings were had from which this appeal comes. The record shows that the appellee renewed her motion to dismiss the action "for want of a sufficient affidavit of tender of taxes prior to filing suit herein. The cause was submitted to the jury and the evidence was adduced by both parties. At the conclusion of the evidence the appellee moved the court to instruct the jury to return a verdict in favor of the appellee "on the ground that the tender required by law as a prerequisite to the bringing of an action of this character had not been properly made," and that the affidavit did not comply with the statutory requirements. The court then heard evidence on the motion to dismiss and read to the jury section 2759 of Kirby's Digest, and further instructed the jury as follows:

"Now that is the requirement of the law before the bringing of this kind of an action, and the court holds that in this case there was no such affidavit filed in this case as the law provides, and that the affidavit filed in this case and offered in evidence is not a compliance with

the above statute, and your verdict will be for the defendant for that reason.''

The jury returned the following verdict: ''We, the jury, find for the defendant.'' The court thereupon entered a judgment ''that the plaintiffs take nothing from the defendant herein, and that the defendant have and recover of and from the plaintiffs all her costs in this cause paid out and expended, for which execution may issue.''

The appellants duly prosecute this appeal.

*W. E. Beloate* and *George G. Dent*, for appellants.

1. The court erred in directing the jury to find for the defendant. If the affidavit was defective, it was the duty of the court to dismiss the cause for want of jurisdiction. As it stands, the judgment of the court precludes the appellants from instituting another suit. Kirby's Digest, § 2760.

2. The affidavit was sufficient. It shows not only that the tender was made and refused, but also that appellee stated that ''it was unnecessary for further tender to be made.'' This estopped her from now complaining that an insufficient tender was made. 53 Ark. 423.

*Appellee, pro se.*

The affidavit of tender was insufficient. A tender of the taxes paid, and improvements made, was no tender either of ''the amount first paid for said lands,'' or ''the interest thereon,'' or ''the amount of taxes paid thereon by the purchaser subsequent to such sale,'' or ''the value of improvements made on such lands by the purchaser.'' Kirby's Dig., § 2759.

WOOD, J., (after stating the facts). The statute provides that no person shall maintain an action for the recovery of any lands, or for possession thereof, against any person who may hold such land by virtue of a purchase thereof at tax sale without filing an affidavit setting forth that the claimant had tendered to the person holding the lands ''the amount of taxes and costs first paid for said lands, with interest thereon from the date

of payment thereof and the amount of taxes paid thereon by the purchaser subsequent to such sale, with interest thereon, and the value of all improvements made on such lands by the purchaser, his heirs, assigns or tenants, after the expiration of the period allowed for the redemption of lands sold for taxes, and that the same hath been refused." Kirby's Digest, § 2759.

The court erred in instructing a verdict for the appellee, for these reasons:

(1) *First.* It is the duty of the circuit court, where the above statute is not complied with, "to dismiss said action at the cost of the plaintiff." Kirby's Digest, § 2760. This statute contemplates that the court shall dismiss the action where the affidavit is insufficient, without submitting the issue raised by the pleadings in the case to the jury. It is a matter that must be disposed of *in limine.* It is erroneous procedure to have the cause submitted on the merits to the jury and then direct the jury to return a verdict in favor of the defendant in the action because the plaintiff has failed to file a sufficient affidavit. The judgment of the court based on the jury's verdict was not one dismissing the action, but was tantamount to a judgment in favor of the defendant on the merits.

(2) *Second.* While the affidavit does not, in form, comply strictly with the requirements of the statute, it does state that Dent, as agent for appellants, had tendered to the appellee all the taxes, interest, fees and costs of improvement made by the appellee, "as required to be tendered before suit filed, and that the said Carrie D. Phillips refused to accept the same, but stated that she would not receive the same, and that it was unnecessary for further tender to be made." We think the affidavit, taken as a whole, showed that all the taxes, interest and costs of improvements "as required to be tendered before suit filed," were tendered. This was a substantial compliance with the statute and was sufficient to authorize the appellants to maintain their suit.

In *Anthony* v. *Manlove,* 53 Ark. 423, the court, speaking through Judge Hemingway, of this statute, said: "There is no wise or beneficent purpose to be accomplished by the act which would justify the extension of its operation beyond its letter; besides, being penal in its nature, it should be strictly construed."

The purpose of the lawmakers was to make sure that a person claiming lands held by another under tax title should be willing to reimburse the latter for all the sums he had expended on the lands in the event that his title proved defective by reason of irregularities and omissions of the officers making the tax sale. The affidavit under review is sufficient to show that the appellants were willing to do this.

The judgment is therefore reversed and the cause remanded for a new trial.