BROWN *v.* FRAZIER.

5-409

267 S. W. 2d 951

Opinion delivered May 17, 1954.

*J. B. Gillison,* for appellant.

*Carneal Warfield,* for appellee.

WARD, J. This appeal involves the construction of Ark. Stats., § 34-1421, which is to the general effect that the trial court must, in the absence of an affidavit of tender of payment of taxes, improvements, interests, etc., dismiss the complaint in certain instances.

Appellees, H. W. Wells and H. L. Cooper, filed an ejectment suit against appellant, W. G. Brown, in the Chicot Circuit Court, making certain allegations. Those material to this decision are, in substance, as follows: Wells is the owner and entitled to the immediate possession of the land in question; title in Wells is deraigned through twenty-three separate conveyances or transactions, among which are deeds from the State and also

the Cypress Creek Drainage District [based on tax for-
feitures] to Wells or his predecessors; Brown "claims
some interest in said property, the exact nature of which
is unknown" but without foundation; and, Brown "for-
cibly entered on said lands, took possession thereof" and
refuses to allow plaintiffs to enter thereon. The prayer
was for possession of the lands.

Brown's response to the above complaint was a
Motion to Dismiss, in which the following allegations,
material here, were made: He is the owner and in pos-
session of said lands; he bought the land from the South-
east Arkansas Levee District which District had previ-
ously received a deed from the Chicot County Clerk, all
based on tax forfeitures; all sales mentioned above were
pointed out as being matters of public record and, as
such, were notice to Wells; and, Wells has "failed, re-
fused or neglected to tender to this defendant any of said
taxes or improvements made on said lands by him" and
has failed to file the affidavit required by Ark. Stats.,
§ 34-1420 and § 34-1421, and because thereof the com-
plaint should be dismissed.

After argument on appellant's motion by counsel on
both sides and after some remarks by the trial judge,
but before any decision was rendered, the court granted
Wells' request to take a non-suit at his costs and an
order was entered to the above effect over the objections
of appellant.

Appellant apparently assumes, and we think cor-
rectly, that appellee's non-suit was taken, with the ap-
proval of the trial court, without prejudice, and we shall
consider it from this viewpoint.

*The only question* presented here, according to ap-
pellant's view, is: Does Ark. Stats., § 34-1421 make it
mandatory on the trial judge, in a case of this nature,
to dismiss the complaint with prejudice? If so, this cause
must be reversed, otherwise it must be affirmed. The
section mentioned reads as follows:

"If any suit or action shall be brought in any court of record in this State against any such purchaser or purchasers, his, her, or their heirs, or assigns, holding any lands, as specified in the first section [§ 34-1419] of this act, and it shall appear to the satisfaction of such court, that no affidavit, as required in the preceding section of this act, was filed previous to the commencement thereof, it shall be the duty of such court to dismiss said suit or action, at the cost of the plaintiff or plaintiffs."

*Statute Not Mandatory.* In our opinion the statute is not mandatory in either of two respects: (a) The trial court is not compelled to dismiss with prejudice, and (b) The trial court can permit the plaintiff to take a nonsuit without prejudice in lieu of a dismissal by the court, plaintiff to pay the cost in either event.

(a) Appellants' construction of § 34-1421 is harsh and could easily result in a denial of justice on an oversight or technicality. This situation could more easily arise, as here, where the necessity of an affidavit of tender first becomes apparent and its omission noted for the first time in a motion to dismiss. That the question can be raised on a motion was decided in *Pope, et al.* v. *Macon, et al.*, 23 Ark. 644. So, if appellees in this instance do own the land in question and are in fact entitled to possession, justice dictates they should have a chance to be heard on the merits of their claim.

Although this court has not had occasions to pass directly on the question here raised by appellant, we think the implications in the opinion in *Wolf & Bailey* v. *Phillips*, 116 Ark. 115, 172 S. W. 894, fully sustain the conclusion we reach here.

In the above cited case the opinion dealt with two situations. The first, and the one pertinent here, was where an affidavit required by Kirby's Digest, § 2760, which is the same as Ark. Stats., § 34-1421, was insufficient. In this connection the Court there said:

"(1) *First.* It is the duty of the circuit court, where the above statute is not complied with, 'to dismiss

said action at the cost of the plaintiff.' Kirby's Digest, § 2760. This statute contemplates that the court shall dismiss the action where the affidavit is insufficient, without submitting the issue raised by the pleadings in the case to the jury. It is a matter that must be disposed of *in limine*. It is erroneous procedure to have the cause submitted on the merits to the jury and then direct the jury to return a verdict in favor of the defendant in the action because the plaintiff has failed to file a sufficient affidavit. The judgment of the court based on the jury's verdict was not one dismissing the action, but was tantamount to a judgment in favor of the defendant on the merits.''

If this Court did not consider a dismissal for lack of the affidavit to be without prejudice, we can see no occasion for it to stress the "merits" of the case as it did in the last two sentences above quoted.

(b)   In view of what has been said above little need be said to justify the trial court in allowing appellees to take a non-suit at their own expense. Regardless of whether the court dismissed appellees' complaint at their cost or allowed them to take a non-suit at their cost, the same result was reached and the purpose of the statute was fulfilled in either event. The right of a litigant, recognized by practice and statute, to take a non-suit is too well established to require comment or citations.

In reaching the above conclusions we have done so on the basis there is no contention that appellant's motion amounted to a cross-complaint or that there was such a final submission to the court as would prevent appellees from taking a non-suit.

Affirmed.