## HORNOR v. JARRETT.

### Opinion delivered February 27, 1911.

1.  TAXATION—DESCRIPTION IN TAX DEED.—A tax deed describing the land as "Res. E½ NE¼ 33, 1 N., 1 E., 30 acres" is void for patent ambiguity. (Page 160.)

2.  SAME—VOID TAX DEED—CONFIRMATION.—A tax deed void for a patent ambiguity in the description of the land will not be cured by a decree of confirmation containing the same defective description. (Page 161.)

3.  SAME—TAX DEED—PRESUMPTION.—A deed from the State Land Commissioner conveying land forfeited for taxes is *prima facie* evidence of title. (Page 161.)

4.  QUIETING TITLE—SUFFICIENCY OF TITLE.—Where the plaintiff in an action to quiet title shows *prima facie* title in himself, his title can not be questioned by a defendant who has neither title nor possession. (Page 161.)

5.  SAME—SUFFICIENCY OF PLAINTIFF'S TITLE.—In a suit to remove a cloud upon title the plaintiff must recover, if at all, upon the strength of his own title. (Page 161.)

6.  TAXATION—DESCRIPTION IN TAX DEED.—A tax deed is sufficient which describes the land sold as the "NE corner, SW quarter, Sec. 33, Tp. 1 N., Range 1 E., 60 acres." (Page 162.)

Appeal from Lee Chancery Court; *Edward D. Robertson,* Chancellor; reversed.

### STATEMENT BY THE COURT.

Appellant brought suit to quiet his title to the southwest quarter and east half of northeast quarter of section 33, and the southeast quarter of section 35, township 1 north, range 1 east, in Lee County, and to cancel certain tax deeds of appellees as a cloud upon his title. He alleged that he was the owner of the lands; that they had been granted to the State of Arkansas by the United States as swamp lands under the act of Congress of September 28, 1850, and granted by the State to different individuals, naming them; that they were sold for taxes in 1878 to the State, and duly certified as forfeited lands to the State in 1880; that they were sold and conveyed by the State in 1882 to T. C. Hicks; that he died intestate, and said lands were sold by his administrator, John I. Moore, by order of the probate court of Phillips County, for the purpose of paying the debt of the' estate; that he became the purchaser at said sale; that same was duly reported, approved and confirmed by said court, and the

lands conveyed to him by said administrator on January 27, 1891; that he has paid all taxes assessed against said lands since the date of said sale and deed executed thereunder; that on June 12, 1899, the collector of Lee County sold to defendant J. R. Jarrett for the taxes of 1898 the following described land, towit: "Res. east half northeast quarter 33, 1 north, 1 east, 30 acres," and that the clerk of Lee County on August 22, 1903, issued to said J. R. Jarrett a tax deed therefor; that on June 12, 1899, said Jarrett purchased at tax sale "the northeast corner east half northeast quarter 33, 1 north, 1 east, 50 acres, and same was conveyed to him by tax deed on August 22, 1903; that on the same date (June 12, 1899) said Jarrett purchased at said tax sale the following lands, towit, "Northeast corner southwest quarter, 33, 1 north, 1 east, 60 acres, which was conveyed to him by tax deed on August 22, 1903; that on June 12, 1899, Mrs. L. Shaul and Mrs. D. Plummer purchased at said tax sale the following lands, towit: "Res. southwest quarter 33, 1 north 1 east, 100 acres," and same was conveyed to them by tax deed June 18, 1901; that on April 10, 1899, plaintiff paid the taxes for 1898 on the southwest quarter, 33, 1 north, 1 east, and east half northeast quarter, 33, 1 north, 1 east, to the collector of Lee County, and took his official receipt therefor, which was filed as an exhibit. Alleged further that said J. R. Jarrett on December 23, 1903, procured a decree of the Lee Chancery Court confirming said tax sales made to him; that said decree could not cure the defects in said sales; and specifically charged and alleged that the decree was procured by fraud practiced on the court and entered by mistake; that the court was without jurisdiction to hear and determine said cause for the reason that the tax receipts filed in the proceedings showed that plaintiff, and not J. R. Jarrett, had paid the taxes for the three years immediately preceding the filing of the application to confirm the tax sales. Alleged further that the tax sales were void for the reason that he had paid the taxes for the year for which they were sold prior to the sale, and that no taxes were owing on said lands when sold; that he had no actual notice of the application to confirm the tax sales, and could not be charged with notice because of the defective description of the lands; that he has a meritorious defense to said action to confirm; that the collector sold at tax sale to J. R. Jarrett in

June, 1901, southeast quarter 35, 1 north 1 east, 160 acres, for taxes of 1900, and same was conveyed to him by tax deed on 10th of May, 1905; that said sale was void because the assessor failed to make affidavit to the assessment roll, as the law required, and because the collector failed to authenticate and file in the county clerk's office before the second Monday in May, 1901, the delinquent list of lands or at all; alleged that all said lands are wild and unimproved and not in the actual possession of any one; tendered taxes paid by defendants, and prayed that the confirmation decree be reversed and vacated, that the tax sales and deeds be canceled and set aside as a cloud on his title, etc.

J. R. Jarrett answered, denying that plaintiff was the owner of the land, and that it was forfeited and sold to the State of Arkansas for taxes on June 10, 1878, as alleged, and stated that said pretended sale was void, setting out the reasons therefor; denied that they were purchased by T. C. Hicks from the State as alleged and sold by his administrator under order of the probate court of Phillips County to plaintiff; admits the purchase of the southwest quarter of section 33 in township 1 north, range 1 east, at the tax sale on the 12th day of June, 1899, and denies that said sale was void; admits the purchase of the other lands as described at the tax sales, and as alleged in the complaint; admits the purchase by him at the tax sale on June 10, 1901, of the southeast quarter of section 35, in said township and range, and the conveyance thereof by the tax deed, and denies that the sale was void; admits the lands as described in the complaint were confirmed to him on December 23, 1903, in the chancery court of Lee County, and denied that the confirmation decree was obtained fraudulently, and that plaintiff paid the taxes for the year 1898 upon the said lands as claimed.

The defendants, Mrs. L. Shaul and Mrs. D. Plummer, filed separate answers, and denied that appellee was owner of the southwest quarter of section 33, township 1 north, range 1 east; that T. C. Hicks ever owned said lands; that the same were forfeited to the State for taxes on June 10, 1878; alleged that said forfeiture and sales to the State were void, setting out the reasons; admitted the purchase of the lands at the tax sale June 12, 1899, by the collector and conveyance to them by tax deed of the lands first described in the complaint; denied that said sale was illegal

and void, that the description of the land was insufficient, and that plaintiff had paid taxes on the land for the year for which they were sold.

The tax deeds of all the parties to the lands were exhibited and introduced in evidence, and receipts, and also the records showing the taxes paid for certain years, and the State's deeds conveying the lands to T. C. Hicks, and the orders of sale of same by the probate court for the payment of his debts, and the deed of his administrator conveying them to appellant, and also the decree of confirmation of tax titles of Jarrett by the Lee Chancery Court.

The testimony shows that these lands were patented by the Government to the State; that they were deeded and conveyed by the State to the persons as alleged in the complaint; that they were forfeited to the State in 1878 for taxes, and thereafter by the State's tax deed, regularly conveyed to T. C. Hicks; that he died intestate, and John I. Moore was appointed his administrator; that the lands were sold by order of the probate court, and purchased by appellant at such sale and conveyed to him by the administrator of said Hicks's estate, on the 27th day of January, 1891; that the lands were advertised and sold for taxes in June, 1899, described as follows: "Res. east half, northeast quarter, section 33, township 1 north, range 1 east, 30 acres," "The northeast corner east half northeast quarter, section 33, township 1 north, range 1 east, 50 acres," "Northeast corner southwest quarter, section 33, township 1 north, range 1 east, 60 acres," and purchased by J. R. Jarrett; that the same were conveyed to him by separate tax deeds on August 22, 1903, in which the lands were described:

"Residue of east half of northeast quarter, section thirty-three in township one north and range one east, containing 30 acres."

"Northeast corner, east half of northeast quarter, section thirty-three in township one north, range one east, and containing in the aggregate 50 acres."

"The northeast corner of the southwest quarter of section thirty-three in township one north and range one east, and containing 60 acres."

That at said tax sale in 1899, Mrs. L. Shaul and Mrs. D.

Plummer purchased lands advertised and sold, described as follows:

"The residue southwest quarter, section 33, township 1 north, range 1 east, 100 acres," and the same were conveyed to them on June 18, 1901, by tax deed, in which they were described:

"The residue of southwest quarter of section 33 in township 1 north and range 1 east and containing 100 acres."

The lands are described in the decree confirming the tax sales to J. R. Jarrett as follows:

"That at a sale made by the sheriff of Lee County, June 12, 1899, for delinquent taxes for 1898, that part of the northwest quarter of section 33, township 1 north, range 1 east, 125 acres, was sold to J. R. Jarrett, and, not having been redeemed within the time prescribed by law, the clerk executed to him a tax deed therefor, dated August 22, 1903. Also at the same sale northeast corner of east half of northeast quarter of section 33, township 1 north, range 1 east, 50 acres and residue of east half of northeast quarter of section 33, in township 1 north, range 1 east, 30 acres, and northeast corner of southwest quarter, section 33, township 1 north, range 1 east, 60 acres. The said sales not having been redeemed within the time prescribed by law, the clerk issued tax deeds therefor, dated August 22, 1903."

Said J. R. Jarrett, at the tax sale on June 10, 1901, in Lee County, purchased the southeast quarter of section 35, township 1 north, range 1 east, 160 acres, for delinquent taxes of 1900, and same was conveyed to him on the 10th day of May, 1905, by the clerk's tax deed.

There was some testimony by real estate agents and dealers in tax lands, tending to show that the description of lands as advertised and sold could be understood under certain conditions, and would be definite and certain, and that the land might be located under some of them.

The chancellor found that the sale of the land in 1878 to the State for taxes, under which plaintiff claimed was void, and that he had no title to said lands, and dismissed his complaint for want of equity, and quieted the title of defendants in the lands as against him. From this judgment the appeal is brought.

*Charles E. Daggett,* for appellant.

1. The deed from the State Land Commissioner to Hicks, and the deed from Moore as administrator to appellant, are sufficient to show *prima facie* title in appellant. Kirby's Dig., § § 760, 4805. And when they were introduced in evidence, the burden of showing a better title, or showing that these deeds did not convey title, then shifted to appellees. 80 Ark. 35; 49 Ark. 266; 125 S. W. (Ark.) 81; 32 Cyc. 1392; 131 S. W. (Ark.) 70.

2. Appellees cannot in a collateral proceeding attack the judgment of the probate court condemning the lands to be sold for the payment of Hicks's debt. Under that judgment and the sale pursuant thereto appellant acquired title in so far as appellees are concerned. 37 Ark. 643; 75 Ark. 312; Van Fleet on Collateral Attack, § 2; Black on Judgments, § § 245, 246, 252.

Being a collateral attack on the judgment, the only ground open to appellees for such attack would be that the court was without jurisdiction. The allegations of an administrator's petition to sell lands, not their truth, confer jurisdiction. If these are sufficient, all other questions are concluded collaterally. Jurisdiction taken under a mistake of fact cannot be rebutted by parol testimony. The presumption is in favor of jurisdiction. Van Fleet on Collateral Attack, § § 57-61, 526, 536, 586; Rorer on Jud. Sales, § § 479, 480, 484; 50 Ark. 338; 16 Cal. 474, 501; 76 Am. Dec. 551; 23 Pac. 911; 12 Tex. 440-449. Validity does not depend upon correctness. 115 S. W. 63; *Id.* 1018. Only void judgments are subject to collateral attack. 122 S. W. 826; 154 Cal. 83; 16 Am. & Eng. Ann. Cas. 792; 44 Col. 200, 99 Pac. 566.

3. If appellant's *prima facie* title is sufficient to maintain the action and require appellees to disclose their titles, the action then becomes a contest between the two titles, and the stronger prevails. As to the "residue southwest quarter, section 33, township 1 north, range 1 east, 100 acres," sold to Mrs. Shaul and Mrs. Plummer for the taxes of 1898, it must be quieted in appellant as against them because (1) the taxes for the year for which the land was sold were paid prior to the sale, and (2) the deed is void on its face for insufficiency of description.

4. As to the southeast quarter of section 35, township 1 north, range 1 east, sold to appellee Jarrett at the tax sale of June 10, 1901, for the delinquent taxes of 1900, the sale was void

because (1) the delinquent list does not show that it was authenticated as required by statute; (2) the record does not show that it was filed on or before the 2d Monday in May, 1901; (3) the record does not show that it was filed and authenticated by the collector. Kirby's Dig. § 7083; 84 Ark. 567; 70 Ark. 326.

·5.   Appellant had *prima facie* title to the "northeast corner east half of northeast quarter of section 33, 50 acres; residue east half of northeast quarter of section 33, 30 acres, and northeast corner of southwest quarter of section 33, 60 acres," the lands sold to Jarrett at the sale for taxes of 1898, and afterwards confirmed to him. Appellant had no actual notice of the action to confirm, and could not be charged with notice of same because of the defective description of the lands. As to these lands, the complaint is a direct attack upon the confirmation decree. Kirby's Dig. § § 4431, 4433, 4434; Van Fleet on Coll. Attack, § 2; 110 S. W. 16. The confirmation decree could not cure the defects in the sales to appellee Jarrett, because the taxes had been paid before the sale, and no authority existed for making it. The rule *caveat emptor* applies to purchasers at tax sales. Black, Tax Titles, § 463.

*F. N. Burke* and *H. F. Roleson,* for appellees.

Appellant in effect concedes that the tax sale of 1878 was void and conveyed no title to the State. The sale through the probate court could convey to Hornor no more title than was owned by Hicks. No owner or claimant of the land was in any manner divested of title by the order of the probate court and the sale thereunder. *Caveat emptor* applies in judicial sales. 32 Ark. 97; *Id.* 321.

In an action to quiet title the burden is on the plaintiff to show title in himself. 89 Ark. 296; *Id.* 298; 73 Ark. 557. The confirmation decree of the chancery court was valid. The court found that J. R. Jarrett had paid the taxes for three years previous to the filing of the petition, and on collateral attack it will be presumed that the tax receipts were exhibited to the court. 75 Ark. 176; 77 Ark. 601; 61 Ark. 1.

KIRBY, J., (after stating the facts). The tax sale of 1899 and the deeds executed pursuant thereto to J. R. Jarrett, describing the lands as "residue of east half of northeast quarter of section 33, township 1 north, range 1 east, 30 acres; northeast

corner of east half of northeast quarter of section 33, township 1 north, range 1 east, 50 acres; northeast corner of southwest quarter of section 33, township 1 north, range 1 east, 60 acres," and the said tax sale and deed executed pursuant thereto to Mrs. L. Shaul and Mrs. D. Plummer, describing the lands as "residue of southwest quarter of section 33, township 1 north, range 1 east, 100 acres," were void because of the imperfect and uncertain descriptions. They 'do not purport to convey the title to any lands, because none is definitely and certainly described in them. Neither description is more definite and certain than if it read, "part" instead of "residue," "corner," etc., which has invariably been held insufficient. *Dickinson* v. *Ark. City Imp. Co.,* 77 Ark. 576; *Penix* v. *Rice,* 93 Ark. 178.

The confirmation of such sales and conveyances of said land, by a like imperfect, uncertain and insufficient· description, the same·being void because of the insufficient description and the deeds in question showing upon their face that they were void, could lend no validity to them, nor vest any title in the purchaser. *Updegraff* v. *Marked Tree Lbr. Co.,* 83 Ark. 157; *Mason* v. *Gates,* 82 Ark. 301. "A deed, failing to describe the land, is equivalent to no deed at all." *Penix* v. *Rice, supra.*

It follows that J. R. Jarrett acquired no title whatever to the lands under his said tax deeds and the confirmation decree of the Lee Chancery Court, and that Mrs. L. Shaul and Mrs. D. Plummer were in no better position under their void deed. The State's deeds to the lands to T. C. Hicks·and the purchase of his title thereto by E. C. Hornor at the administrator's sale, and the conveyance of the land thereunder to him by the administrator, gave him such title as the State granted, which was *prima facie* evidence of title in him. *Mancy* v. *Burke,* 92 Ark. 87; *Scott* v. *Mills,* 49 Ark. 266; section 760, Kirby's Digest. The defendants, being without any title whatever to these lands, which are wild and unimproved and not in the possession of any one, were not in a position to question his title.

If it be held that he must recover on the strength of his own title, and not upon the weakness of that of his adversary (*McMillan* v. *Morgan,* 90 Ark. 193), he will do so, since his title is *prima facie* valid, his deeds conveyed the lands, and are *prima facie* evidence of title in him, and his adversaries are without any

title. Appellant was entitled to have his title to all the lands except the southeast quarter of section 35 quieted as against J. R. Jarrett and Mrs. L. Shaul and Mrs. D. Plummer, and their said deeds cancelled.

As to said southeast quarter of section 35, it was alleged that the tax sale of 1901 to J. R. Jarrett was void. If this had been proved, it would not have entitled appellant to the relief sought since the tax sale of 1878 to the State, under which he claimed title, was shown to be void, placing both parties in the position of having deeds *prima facie* good conveying the lands and both in fact void, and leaving them upon an equal footing in this regard, with the burden upon appellant to recover upon the strength of his own title, which he could not discharge, having no better title than his adversary. *Rhea* v. *McWilliams,* 73 Ark. 557. The decree dismissing the complaint as to this tract was right, and is affirmed. As to the other lands described in the complaint, the judgment is reversed, and the cause remanded with directions to enter a decree in accordance with this opinion.

ON REHEARING.

Opinion delivered May 8, 1911.

KIRBY, J. Counsel for appellant has misapprehended the decision rendered herein, which holds expressly, and in line with our other decisions upon the point, that the plaintiff, in an action to remove a cloud from his title must prevail upon the strength of his own title, and not upon the weakness of that of his adversary.

As to the contention that the "northeast corner, southwest quarter, section 33, township 1 north, range 1 east, 60 acres," the description under which the land was sold and conveyed, was sufficient, we have concluded it is correct.

The statute provides that when less than the whole of the tract or lot of land advertised for sale for taxes is sold "the part sold shall be laid off in a square in the northeast corner," and in *St. Louis, I. M. & S. Ry. Co.* v. *Beidler,* 45 Ark. 28, the court held that where a part of a section of land, designating it by the legal subdivision for 40 acres, was sold except five acres in the southwest corner, "the exception means five acres laid off

in a square." The whole of the southwest quarter containing 160 acres in a square was delinquent and duly offered for sale for taxes, and the purchaser bought 60 acres of same, paying the taxes on the whole tract for that amount. The law prescribing that, where a person shall bid the amount of taxes due upon the whole tract for a less amount of land than the tract, the part sold shall be laid off in a square in the northeast corner, and, it being possible to lay off in said corner of this tract of land the 60 acres in a square, we hold that, same being thereafter forfeited, advertised and sold by the description set out, it was sufficient, and conveyed that amount of land in a square in the northeast corner of the 160 acre tract. This does not affect the decision as to the other tracts of land, since it was impossible to lay off in a square the amount of land sold and purchased and shown to be so by the description thereof as advertised.

The judgment will be modified in accordance with this opinion.