## GUY *v.* STANFIELD.

### Opinion delivered February 28, 1916.

1. **TAX SALES—INVALID DESCRIPTION—REDEMPTION.**—Where appellants lands were sold for the non-payment of State and county taxes under the following description: "Ex. 10 A. Sq. NE Cor. S½ SE 26-11-11," it will be held that the sale is invalid because of an improper description of the land, and that appellant may redeem from said sale.

2. **TAX SALES—DESCRIPTION.**—The description of lands to be sold for taxes must be intelligible, not only to the expert, but also to one who is only ordinarily versed in such matters.

Appeal from Cleveland Chancery Court; *John M. Elliott,* Chancellor; reversed.

*A. D. Chavis* and *Walter M. Purvis,* for appellant.

1. Counsel review the testimony as to the age of appellant and insist that the chancellor's finding is contrary to the weight of the evidence, and that since his findings of fact are merely persuasive, the decree ought not to be sustained. 75 Ark. 72; 77 Ark. 216.

2. Appellee is not entitled to a decree because she held no record title conveying even color of title. Wild and unoccupied land is in the constructive possession of the true owner. 74 Ark. 383. The record title being in the ancestor of appellant and the land being unimproved and uninclosed, there was no duty or necessity of resorting to legal or equitable remedies until some one threatened to destroy or impair the rights of the inheritor. 88 Ark. 395. Redemption statutes are liberally construed. 113 Ark. 501.

*Geo. H. Holmes,* for appellee.

1.   The preponderance of the evidence supports the decree.

2.   The liberal construction of redemption laws relied on by appellant, does not mean an indefinite time must be allowed in which to redeem. Appellant was allowed only two years after arriving at her majority in which to bring suit for recovery of the land. Kirby's Digest, § 5061; 53 Ark. 419; 57 Ark. 523; 59 Ark. 460; 60 Ark. 163.

SMITH, J.  Appellant alleged her ownership of the south half of the southeast quarter of section 26, township 11 south, range 11 west, and brought this suit to have a cloud on the title to this land removed. This cloud consisted of a sale of a portion of said land for the State and county taxes due thereon under the following description: "Ex. 10 A. Sq. NE. Cor. S ½ SE 26-11-11 containing 70 acres."

Appellant asserted a right to redeem because of the disability of infancy existing at the time of the sale and the briefs in the case are devoted chiefly to a discussion of this question. The chancellor found against appellant on the question of her age and dismissed the suit because she had not applied to redeem the land, within the time limited by law after she had attained her majority.

We have concluded that the right of redemption should have been granted nothwithstanding that finding may not be against the preponderance of the evidence because of the invalidity of the tax sale upon which appellee's claim of title rests. We think the description set out above is not sufficiently definite and certain and that the sale was, therefore, void. In the case of *Cooper* v. *Lee,* 59 Ark. 460, the court, in discussing the necessity of a proper description of land to be sold for taxes, quoted from Cooley on Taxation (2 ed.) 405 the following reasons for a correct description:

"First, that the owner may have information of the claim made upon him or his property; second, that the

public, in case the tax is not paid, may be notified what land is to be offered for sale for the non-payment; and, third, that the purchaser may be able to obtain a sufficient conveyance.''

The case of *Cooper* v. *Lee, supra,* presented a question similar to the one now being considered except that the description there employed was not as indefinite as the one here used. In that case it was said:

''A description of the land by the abbreviations commonly used to designate government subdivisions sufficiently indentifies it; but the use of abbreviations in a tax assessment or notice must be confined to those commonly used and understood. Had the description of the land been 'N½ of N. E.' followed by section, township and range, we should have felt no doubt in saying that it correctly designated the land in controversy by abbreviations commonly used and understood, but the letters N. NE do not, to our minds, have such well defined and accepted meaning. For this reason we feel compelled to hold that the description of the land in controversy as the 'N. NE Sec. 3, Town. 15, Range 6, 87.19 acres' was not a description by abbreviations the knowledge and use of which is so general as to warrant the court in holding that they sufficiently identify the land to be sold. On the contrary, we hold that it was not a sufficient description, and that the sale of the land must be treated as a sale without notice, and therefore void.''

The same case is authority for the proposition that the description must be intelligible, not only to the expert, but also to one who is only ordinarily versed in such matters.

We conclude, therefore, that appellant was entitled to the relief prayed for, and as it appears that a proper tender of taxes and interest was made, the decree of the court below will be reversed and the cause remanded with directions to enter a decree cancelling the tax deed as a

cloud on appellant's title. *Morris* v. *Eagle,* 94 Ark 180; *Beardsley* v. *Hill,* 85 Ark. 4; *Woodall* v. *Edwards,* 83 Ark. 334; *King* v. *Booth,* 94 Ark. 306; *Dickinson* v. *Ark. City Improvement Co.,* 77 Ark. 570; *Rhodes* v. *Covington,* 69 Ark. 357; *Chestnut* v. *Harris,* 64 Ark. 580; *Beck* v. *Anderson-Tully Co.,* 113 Ark. 316.