BRINKLEY *v.* HALLIBURTON.

Opinion delivered June 4, 1917.

1. TAX SALES—DESCRIPTION—"FRL."—The abbreviation "frl." in a tax deed and tax proceedings, will be treated as surplusage.
2. TAX SALES—DESCRIPTION.—The description in tax proceedings must be such as will fully apprise the owner, without recourse to the superior knowledge peculiar to him as owner, that the particular tract of his land is sought to be charged with a tax lien; it must be such as will notify the public what lands are to be offered for sale in case the tax be not paid.
3. TAX SALES—DESCRIPTION—ABBREVIATIONS.—In special statutory proceedings to enforce tax charges against lands, the abbreviations employed must have been in such general use and knowledge in reference to government surveys that the meaning thereof will be intelligible not only to experts but also to persons with only ordinary knowledge of such matters.
4. TAX SALES—DEFECTIVE DESCRIPTION.—A sale of lands under tax proceedings is void for improper description, where the land is described as "N. of R. R. frl. S. W. ¼, Section 26, T. 6 N., R. 7 E., 125 acres."

Appeal from Crittenden Circuit Court; *W. J. Driver,* Judge; reversed.

*B. J. Semmes,* for appellants.

1. The levee act of 1909 is a special statutory proceeding *in rem.* The land must be correctly described. 169 S. W. 246; 113 Ark. 316. A correct description of the land is jurisdictional. 113 Ark. 316; Van Vleet on Collateral Attack, ch. 370, p. 252; 83 Ark. 234; 11 S. W. 573; 7 *Id.* 175; 51 N. W. 656. See also 51 Ark. 35; 59 *Id.* 487.

2. The description is not sufficient. 27 S. W. 970; 122 Ark. 376. "N. of R. R." does not mean anything. The description is void. 104 S. W. 128, 83 Ark. 334. Surveys by the government are not made with reference to

railroads. Abbreviations commonly used in government surveys are recognized usually by the courts, but in assessments for taxes, tax sales, etc., only such as are commonly used or understood can be used. 88 S. W. 1005, 13 Cyc. 543; 21 L. R. A. 335.

3. "Fr'l" means *fractional* and only means *"part."* 128 Ark. 180.

*W. R. Satterfield,* for appellees.

1. The description is sufficient. 15 Ark. 297; 30 *Id.* 513; 40 *Id.* 237; 113 *Id.* 316; 59 *Id.* 460; 93 Ill. 116; 80 Ill. 268; 106 Ind. 473; 7 N. E. 203; 91 Minn. 63, 68; 97 N. W. 413; 37 Cyc. 1059.

2. The abbreviations used are commonly understood, and used by surveyors and others. The description is sufficiently certain. See 30 Ark. 640; 54 *Id.* 44; 48 *Id.* 425; 35 *Id.* 478; 106 *Id.* 87. "N" always means north and "R. R." stands for railroad and is so understood throughout the country by all individuals and courts in the description of lands. Devlin on Deeds (3 ed.) § 1013 C, and cases *supra.*

HUMPHREYS, J. A demurrer was sustained to the complaint in this case, and appellants refusing to plead further, the complaint was dismissed. From the judgment dismissing the suit, an appeal has been prosecuted to this court. The proceeding is one in ejectment to oust appellees from the possession of a part of the southwest quarter, section 26, township 6 north, range 7 east, in Crittenden County, Arkansas. The complaint alleged that appellants were the owners of the S. W. ¼ of section 26, township 6 north, range 7 east, in said county and State; that they deraigned title from the government through mesne conveyances; that appellees were in possession of part of said real estate by purchase from W. M. Rooks and wife, who had obtained a tax deed under a tax sale in the chancery court of Crittenden County, wherein the Board of Directors of the St. Francis Levee District was plaintiff and Ruth Ellis *et al*

were defendants; that the tax sale was void for the reason that the land was indefinitely described; that the description in the tax proceedings and tax deed was as follows: "N. of R. R. frl. S. W. ¼, Section 26, T. 6, N. R. 7 E., 125 acres;" that the S. W. ¼ of section 26, township 6 N., range 7 E., is a regular quarter section.

The question presented by the appeal is whether the description was sufficient to validate the tax proceedings and support the tax deed. The tax proceedings were instituted and the tax deed was executed under Act 262 of Acts of the General Assembly of 1909. Being a special proceeding *in rem* or warning order, it was necessary to correctly describe the land in order to confer jurisdiction on the court decreeing the sale. In construing said act, this court said in *Beck* v. *Anderson-Tully Co.*, 113 Ark. 316, that "A complaint correctly describing the lands, under the act, is the primal step in the proceeding. It is the basis upon which the clerk must act in giving the notice provided for. No presumptions can be indulged in favor of a decree grounded upon a complaint that does not contain a correct description of the particular tracts of land ordered to be sold. The notice must be given by the clerk of the lands described in the complaint. Unless the lands are correctly described, the notice will necessarily be insufficient. Neither the complaint nor the notice are susceptible of amendment, and, therefore, no presumptions can be indulged contrary to what they show on their face. They are preliminary and prerequisite to a seizure and control by the court of the land sought to be condemned for the delinquent taxes."

(1-2) In determining the sufficiency of the description, the abbreviation "frl" must be treated as surplusage under the rule laid down in the recent case of *Rucker* v. *Arkansas Land & Timber Co.*, 128 Ark. 180, 194 S. W. 21. Omitting the abbreviation "frl," the description will then read N. R. R. S. W. ¼, Section 26, T. 6 N., R. 7 E., 125 acres. The rule and reasons therefor,

by which the sufficiency of this description must be tested was laid down in *Buckner* v. *Sugg,* 79 Ark. 442, in the following language: "It is well settled, not only by the decisions of this court, but by the adjudged cases in the courts of other states, as far as we can discover, that, in order to make a valid assessment and sale of land for taxes, the land must be described with certainty upon the assessment rolls and in all subsequent proceedings for the enforcement of payment of the tax. The chief reason for this requirement is that the owner may have information of the charge upon his property. It has sometimes been said that a description that would be sufficient in a conveyance between individuals would generally be sufficient in assessment for taxation. We do not, however, consider that a safe test. The description in tax proceedings must be such as will fully apprise the owner, without recourse to the superior knowledge peculiar to him as owner. that the particular tract of his land is sought to be charged with a tax lien. It must be such as will notify the public what lands are to be offered for sale in case the tax be not paid." This rule was reiterated and approved in *Woodall* v. *Edwards,* 83 Ark. 334; *King* v. *Booth,* 94 Ark. 306; *Beck* v. *Anderson-Tully Company,* 113 Ark. 316, and *Guy* v. *Stanfield,* 122 Ark. 376. In discussing the sufficiency of descriptions in tax sales and deeds, Mr. Justice Riddick said in the case of *Cooper* v. *Lee,* 59 Ark. 460, that "A description which is intelligible only to persons possessing more than the average intelligence, or the use and understanding of which is confined to the locality in which the land lies, is not sufficient." In reference to a description by abbreviations, the same learned justice in the same case said: "A description of the land by the abbreviations commonly used to designate government subdivisions sufficiently identifies it; but the use of abbreviations in a tax assessment or notice must be confined to those commonly used and understood."

(3) In special statutory proceedings to enforce tax charges against lands, the abbreviations employed must

have been in such general use and knowledge in reference to government surveys that the meaning thereof will be intelligible not only to experts but also to persons with only ordinary knowledge of such matters.

(4) Appellees contend that the abbreviations employed sufficiently describe all that part of the S. W. ¼ of section 26, township 6 north, range 7 east. By the allegations of the complaint, there are 150 acres north of the Chicago, Rock Island & Pacific Railroad in said quarter section, whereas the supposed description covers only 125 acres. Under the well known rule that quantity yields to course and distance, the difference in acreage would not render the description indefinite. The abbreviation "R. R.'" is not an abbreviation commonly used to designate government subdivisions. Government surveys were not made with reference to railroads. The abbreviation "R. R." does not necessarily convey the meaning of railroad to one of only ordinary experience in land titles. As suggested by appellants, the letters could have reference to Ridge Road or River Road. It might refer to any natural or artificial monument where such letters were used in spelling the monument in mind. If by general usage the letters have become so definite in meaning that the ordinary man would know that they meant railroad, the question might well arise, What railroad? Testing the description before us by the rule laid down by this court, we have concluded that the description is fatally defective.

For the error indicated, the judgment is reversed and the cause is remanded with instructions to overrule the demurrer to the complaint.