BUCHANAN *v.* PEMBERTON.

Opinion delivered March 22, 1920.

1. TAXATION—TAX DEED—DESCRIPTION OF LAND.—A tax deed describing the land sold as "west part southwest quarter of the northeast quarter of section nine W., township one south, range ten west, 30 acres," is void for uncertainty of description.

2. EJECTMENT—TAXES AND BETTERMENTS.—A tax deed which is void for uncertainty of description does not constitute color of title, and can not give a party the benefit of Kirby's Digest, section 2754, requiring the successful plaintiff in ejectment to pay to defendant all taxes and improvements.

3. EJECTMENT—AFFIDAVIT OF TENDER OF TAXES AND IMPROVEMENTS.—Where neither the notice of a tax sale of land nor the tax deed described the land sold for taxes with sufficient particularity to identify it, the owner may maintain an action to recover such land from the purchasers without first complying with Kirby's Digest, section 2759, declaring that no person shall maintain an action for the recovery of any lands against any person who may hold such lands by virtue of a purchase at a tax sale without filing an affidavit of tender of taxes, costs and value of improvements.

4. TAXATION—NOTICE OF SALE OF DELINQUENT LAND.—A notice of a sale of delinquent lands for taxes must describe the property with sufficient particularity to identify it or the sale will be void; the purpose of the notice being to advise the owner that his land is being sold, and to give the public an opportunity to be present and bid.

Appeal from Lonoke Circuit Court; *George W. Clark,* Judge; reversed.

STATEMENT OF FACTS.

This is an action of ejectment by appellants who were plaintiffs below against appellee who was defend-

ant below to recover possession of thirty acres of land. Appellants claim title by a deed to their ancestor in 1878 and by adverse possession since that time.

Appellee denied all the material allegations in the complaint and claimed title to the land under a collector's tax deed which is exhibited with his answer. In the tax deed the lands are described as follows:

"West part southwest quarter of the northeast quarter of section nine (9) west, township one (1) south, range ten (10) west, thirty acres."

In his answer appellee further states that he has paid the taxes and made valuable improvements on the land, and that the amount of taxes paid and the value of the improvements made by him have not been paid by appellants before the institution of this suit, and that no affidavit of such tender has been filed in the case as required by section 2759 of Kirby's Digest.

Appellants admitted that they had not tendered the amount of taxes and value of the improvements under the statute just referred to. Therefore, the court dismissed the complaint of appellants for non-compliance with the statute, and the case is here on appeal.

*W. A. Leach,* for appellant.

The clerk's tax deed was void for uncertainty of description. 18 C. J. 279; 106 Ark. 83; 1 L. R. A. (N. S.) 806; 18 C. J. 183; 117 Ark. 151; 48 *Id.* 419; 35 *Id.* 470; 120 *Id.* 69; 2 L. R. A. (N. S.) 1172; 60 Ark. 487; 68 *Id.* 150; 56 *Id.* 172; 76 *Id.* 460; 120 *Id.* 172; 131 *Id.* 273. See also 83 *Id.* 334; 93 *Id.* 306; 94 *Id.* 306; *Ib.* 180; 99 *Id.* 154; 69 *Id.* 34; Blackwell on Tax Titles, p. 138; Black. on Tax Titles (2 Ed.), p. 406; 23 *Id.* 102. The deed being void for want of proper description, appellee had no color of title. 50 Ark. 484; 77 *Id.* 570. And no tender of taxes and improvements was made as required by law.

*Chas. A. Walls* and *Rose, Hemingway, Cantrell & Loughborough,* for appellee.

1. The description in the tax deed is color of title. 2 C. J., p. 179, § 342. The description was sufficient for

color of title. 68 Ark. 544-547. It was not void for uncertainty. 56 Ark. 44; 111 *Id.* 222 60 Miss. 563; 60 *Id.* 19; 13 Ala. 31-37; 84 Iowa 448; 56 Ark. 172; 76 *Id.* 460; 120 *Id.* 528; 131 *Id.* 273.

2. If the decription, standing alone, was insufficient, the deed contained a key which made it more certain. 135 Ark. 592.

3. Color of title was not necessary to the recovery for improvements made and taxes paid. Kirby's Digest, § 2754; 72 Ark. 609; 67 *Id.* 184; Kirby's Digest, § § 2759-2760; 50 Ark. 484. The affidavit showing tender was necessary, and the court was right in dismissing the cause. 116 Ark. 118; 51 *Id.* 397; 28 *Id.* 209-302.

HART, J., (after stating the facts). Counsel for appellee seek to uphold the judgment dismissing the complaint on the ground that the description in the tax deed is not void for uncertainty and is therefore color of title. It will be remembered that the description in the tax deed is the "West part southwest quarter of the northeast quarter of section nine (9) west, township one (1) south, range ten (10) west, 30 acres." Counsel for appellee rely on decisions of the Supreme Courts of Mississippi, Alabama and Iowa, holding that similar descriptions are not void for uncertainty. We do not deem it necessary, however, to cite or to review these cases; for our court has taken the contrary view and in several cases where the descriptions were in all essential respects similar to the one in the case at bar has held that they were void for uncertainty.

In *Covington* v. *Berry*, 76 Ark. 460, the court held that a tax deed describing land as the east part of the southeast quarter of section 30, township 5 north, range 4 east, 63 acres, was void for uncertainty of description.

In *Hewett* v. *Ozark White Lime Co.*, 120 Ark. 528, a tax deed describing land as the west part of the southeast quarter of the southeast quarter, etc., 7.60 acres, was void for uncertainty of description.

Again, in *Cotton* v. *White,* 131 Ark. 273, a tax deed describing land as part of the northwest quarter of the northeast quarter and west part of the southeast quarter of the northeast quarter of a certain section, township and range was void for uncertainty. These cases control here, and the description in the instant case is void for uncertainty because it does not specify the part of the quarter section out of which the thirty acres are to be taken and therefore they cannot be located from the face of the deed. To obtain the benefits of section 2754 of Kirby's Digest, the party must hold under color of title, peaceably, and in good faith believe that he is the owner of the land. *Treaver* v. *Akin,* 47 Ark. 528; *Jefferson* v. *Edrington,* 53 Ark. 545; *White* v. *Stokes,* 67 Ark. 184, and *Beasley* v. *Equitable Securities Co.,* 72 Ark. 601.

Appellee sets up title by purchase at a tax sale and insists that the appellant's complaint should be dismissed for noncompliance with section 2759 of Kirby's Digest. The statute provides that no person shall maintain an action for the recovery of any lands against any person who may hold such lands by virtue of a purchase at a tax sale without filing an affidavit setting forth that the claimant has tendered to the person holding the lands the amount of taxes and costs paid for the lands with the accrued interest and the value of all improvements made on the lands by the purchaser.

Counsel for appellant admits that the filing of such an affidavit is a prerequisite to the bringing of a suit under the statute for the recovery of the lands as held in *Wolf & Bailey* v. *Phillips,* 116 Ark. 115, and other cases; but he contends that it was not necessary to file the same in the present case because the sale for taxes was void on account of the uncertainty in the description of the land. We think counsel for appellant is correct in his contention.

In *Hershey* v. *Thompson,* 50 Ark. 484, an assessment of land for taxation which describes it as part of the

southeast quarter of the northeast quarter of a certain section, township, and range, was held void for uncertainty in the description of the part assessed and that no valid sale could be based thereon. The court said that in the assessment of lands for taxation the statute provides that the description of each tract shall be such as to identify and distinguish it from all other tracts of land. The purpose of the description is to inform the owner and all other persons of the tracts of land assessed and the amount of taxes levied thereon.

The court held that the description was indefinite and void. In discussing the question the court said: "Appellant offered to identify the land in controversy as the land purchased by him, and on which he paid subsequent taxes; by showing that it was the only land owned or claimed by Erb in the legal subdivision of which it is a part, but this does not show that the land owned by Erb was the land assessed or sold. If the appellant had shown that every other portion of the legal subdivision was assessed by proper description, it probably would have been sufficient proof that the land in controversy was the land intended to be sold to appellant, and that he had paid taxes on it. The description of the land in the receipts for subsequent taxes paid by appellant is equally defective as that in the assessment for 1878; and the proof offered is not sufficient to identify it as the land in controversy beyond cavil or doubt, or satisfactorily."

The same rule applies as to the description in the notice and sale of lands for taxes. *Cooper* v. *Lee,* 59 Ark. 460. One object of advertising tax sales is to give notice to the tax payer of his delinquency in order that he may pay the taxes. An equally important purpose is to give notice to the public that they may have an opportunity of being present at the sale and bidding for the land. Therefore, in describing the land in the advertisement the sale and also in selling it there must be a particular and certain description in order that the owner may

know that it is his land that is being sold and, also, that bidders may ascertain its location with a view to making their bids.

It is impossible to locate the land from the description given. There is nothing in the record to aid the description or to identify the land sold. The description is void for uncertainty, and the collector therefore had no authority to sell the land for taxes. The defendant acquired no title by his purchase and took nothing by his deed. Hence the appellant was not required to make and file an affidavit of tender of taxes and the value of improvements made by appellee.

It follows that the court erred in so holding and for that error the judgment will be reversed and the cause remanded for further proceedings according to law.