AMERICAN PORTLAND CEMENT COMPANY *v*. CERTAIN LANDS.

Opinion delivered May 20, 1929.

*Shaver, Shaver & Williams,* for appellant.

HART, C. J. American Portland Cement Company, a corporation, prosecutes this appeal to reverse a decree of the chancery court refusing to confirm its tax title

to certain lands. The petition to confirm the tax title to the lands was filed under the provisions of §§ 8379-8392 of Crawford & Moses' Digest, and is in statutory form. What purports to be two tracts of land are involved. The assessment book showed one tract described as follows: "Pt. west half of the northeast quarter of section 28, township 12 south, range 32 west, containing 11.48 acres." The other tract was assessed separately, and is described as follows: "Pt. west half of the northeast quarter of section 28, township 12 south, range 32 west, containing 68.52 acres." The same description of each tract is carried into all the subsequent proceedings. The two tracts, under the descriptions copied above, were sold separately by the collector on the same day to Natalie S. Williams, and, after the period of redemption allowed by statute had expired, the clerk executed to her two tax deeds. The description in each deed followed that copied above. Subsequently she executed a quitclaim deed to the American Portland Cement Company to the west half of the northeast quarter of section 28, township 12 south, range 32 west, containing 80 acres. The chancery court found that the descriptions in the tax deeds were void on their face, and the petition for confirmation was dismissed for want of equity.

The chancellor was correct in his opinion. The object of the description of land on the assessment books and in the subsequent proceedings leading up to and including the sale is not only to inform the taxpayer what property is taxed as his, but also to inform the public, if the land is sold for the nonpayment of the taxes, just what land is sold. The description is void where it is so vague and indefinite that it in no way identifies the land. *Lonergan* v. *Baber,* 59 Ark. 15, 26 S. W. 13; *Buckner* v. *Sugg,* 79 Ark. 442, 96 S. W. 184; and *Brinkley* v. *Halliburton,* 129 Ark. 334, 196 S. W. 118, A. L. R. 1225.

The description of each tract in the present case is part of the west half of the northeast quarter of a

certain section. The owner could not know from this description what lands were assessed as his, nor whether the land of others might be included in the assessment. Such an assessment imposes no duty upon a taxpayer, and has been uniformly held by this court to be absolutely void on its face. *Cooper* v. *Lee,* 59 Ark. 460, 27 S. W. 970; *Guy* v. *Stanfield,* 122 Ark. 376, 183 S. W. 966; *Covington* v. *Berry,* 76 Ark. 460, 88 S. W. 1005; *Hewett* v. *Ozark White Lime Co.,* 120 Ark. 528, 180 S. W. 199; *Cotton* v. *White,* 131 Ark. 273, 199 S. W. 116; and *Buchanan* v. *Pemberton,* 143 Ark. 92, 220 S. W. 660.

The correctness of these decisions is not challenged, but it is contended that they do not apply because the number of acres set out in each tract, when added together, amounts to 80 acres, and that this showed that the whole west half of the northeast quarter was assessed for taxation and sold at the tax sale. It will be noticed that one tract is described as containing 68.52 acres and the other as containing 11.48, totaling 80 acres. The trouble about this contention is that the two tracts were assessed separately and were sold separately. The owner of land in the northeast quarter of section 28 could not be put on notice from either description that his land had been assessed for taxation or was to be sold for the nonpayment of taxes. He could not be required to search through the assessment books and see if, by any chance, his lands had been assessed for taxation and sold for the nonpayment of taxes, by comparing the description with those of other descriptions in the same governmental subdivision. All the owner would be required to do was to take notice that his lands were assessed for taxation and sold for nonpayment of taxes, and, if the description was too vague and indefinite for that purpose, it would be absolutely void on its face, and the tax deed containing the same void description would be equivalent to no deed at all. *Hornor* v. *Jarrett,* 99 Ark. 154, 137 S. W. 820.

Appellant in this case could acquire no better rights by the quitclaim deed executed to it by the purchaser

556

than the tax purchaser acquired by the tax deed executed to her. Therefore the decree will be affirmed.