WILKERSON v. JOHNSTON.

4-8072                                        200 S. W. 2d 87

Opinion delivered February 24, 1947.

Rehearing denied March 31, 1947.

*Franklin Wilder,* for appellant.

*Duval Johnston, Heartsill Ragon,* and *Daily & Woods,* for appellee.

MINOR W. MILLWEE, Justice. This is a suit by appellees, Burley C. Johnston and Duval Johnston, to quiet title to certain lands situated in the Fort Smith District of Sebastian county, Arkansas, and to cancel a deed from the state to appellants, J. F. Wilkerson and Ruth B. Wilkerson, dated October 25, 1945, and a similar deed from the state to appellant, Virgil Bracken, dated December 7, 1945.

The suit was filed on February 20, 1946, and on March 12, 1946, appellees filed their amended com-

plaint alleging that they were the owners and in possession of the lands in controversy; that the state deeds under which appellants claimed title were based upon a purported sale to the state for the nonpayment of the general taxes for the year 1931 which was void for numerous reasons set out in 18 separate paragraphs of the amended complaint; and that a tender to appellants of the amounts paid by them for their respective deeds, with interest, had been refused.

On March 19, 1946, Mr. Chester Holland appeared as attorney for all three appellants and filed a separate demurrer and motion to make the complaint more definite and certain. When the case was called for trial on June 19, 1946, counsel for appellees announced their election to rely upon only three of the 18 alleged grounds of invalidity of the tax sale set out in the complaint. After this was done, the answer of appellants was filed without a ruling being made or requested on their demurrer and motion to make the complaint more definite and certain. The answer denied the allegations of the complaint and pleaded the validity of the two deeds from the state to appellants.

The cause proceeded to trial, resulting in a decree cancelling the two deeds from the state to appellants and quieting title to the lands in appellee, Burley C. Johnston. Appellants were found entitled to recover from Johnston the amount paid the state for their respective deeds, with interest. The decree recites: "And the plaintiff, Burley C. Johnston, having here in open court paid to the defendant, Virgil Bracken, the said sum of $125.09, and having here in open court paid to Chester Holland, attorney for the defendants, J. F. Wilkerson and Ruth B. Wilkerson, the aforesaid sum of $124, these judgments are hereby satisfied in full."

On July 8, 1946, appellants, through their present attorney, filed a pleading denominated "Motion to Vacate Judgment and for a New Trial." The motion sets out certain facts developed in the trial of the case and argument designed to demonstrate that appellants should have prevailed upon these facts. It also alleges that other

facts should have been developed, and concludes with a prayer that the decree be set aside and a new trial ordered "so that defendants may be permitted to offer what they believe is a valid and complete defense in this suit, but which was not brought out in the original hearing." Appellants also tendered the amounts paid them under the decree of June 19, 1946.

Appellees filed a demurrer to the motion alleging that it did not state facts sufficient to authorize the relief prayed. The demurrer was sustained and the motion dismissed when appellants declined to plead further. This appeal follows.

For reversal of the decree it is first earnestly insisted that the trial court erred in refusing to set aside the decree as to appellants, J. F. Wilkerson and Ruth B. Wilkerson. Ruth B. Wilkerson is the wife of J. F. Wilkerson and the sister of appellant, Virgil Bracken, who was duly served with summons and testified in the trial of the case. The motion to vacate the decree was filed during the term at which the decree was rendered. It is well settled that courts have control over their orders and decrees during the term at which they are made, and for sufficient cause may, either upon application or upon their own motion, modify or set them aside. *American Building & Loan Ass'n* v. *Memphis Furniture Manufacturing Co.*, 185 Ark. 762, 49 S. W. 2d 377.

It is not alleged in the motion to vacate that Mr. Holland was unauthorized to appear for the Wilkersons, but their affidavit is attached to the motion which states that they have been residents of Colorado for the past four years; that they were not served with summons; and did not employ Mr. Holland or any other attorney to represent them in the case. It is not charged that Mr. Holland appeared for the Wilkersons through mistake or that such appearance was fraudulent and without their consent. It would not be unusual in a case of this kind for the resident defendant to employ counsel to represent his nonresident sister and brother-in-law with their knowledge and consent. It is reasonable to assume that if the Wilkersons had not known of the suit in time

to defend it, and had not consented to the appearance of Mr. Holland in their behalf, such facts would have been made known to the court and set out in the motion to vacate the decree. The record discloses that Mr. Holland had possession of the deed from the state to the Wilkersons, and this deed was introduced in evidence. Under all these circumstances, we are unable to say that the chancellor abused his discretion in refusing to vacate the decree as to appellants, J. F. Wilkerson and wife.

Appellees having waived the question in their brief, we will treat the proceeding herein as an appeal from the original decree. The remaining question is whether the trial court erred in holding the two state deeds to appellants void and ordering their cancellation. The complaint, as amended, alleged: "The lands were incorrectly described in the published list of delinquent lands, and in the clerk's certificate to the State, and in the State's deeds to the defendants." The deeds from the state to appellants described the two tracts as "Lots 1 to 12, Block 15, Prairie View Addition," and "Lots 1 to 12, Block 16, Prairie View Addition." The lands were thus described in the delinquent list, the clerk's certificate to the State, and a confirmation decree rendered in favor of the State in 1937.

The testimony discloses that the original plat of Prairie View Addition to the city of Fort Smith, Arkansas, was filed November 30, 1897. The addition consisted of 16 lots comprising approximately 5 acres each and numbered 1 to 16, inclusive. Lots 1 to 8, inclusive, constituted the north half of the addition and lots 9 to 16, inclusive, the south half, with a 50-foot street dividing the two halves. In 1905 the owners of the north half of the addition (lots 1 to 8, inclusive) subdivided it into 16 blocks with each block divided into 12 lots. A plat of the subdivision was filed of record on January 13, 1906, and is officially described as "Revised Plat of Lots 1, 2, 3, 4, 5, 6, 7, & 8 of the Plat of Prairie View." Blocks 15 and 16 of the revised plat are a part of lots 1 and 2 of the original addition. It will be observed that there is neither a block 15 nor a block 16 in Prairie View Addi-

tion. The lots in controversy are 12 lots in block 15 and 12 lots in block 16, not of "Prairie View Addition" but of "Revised Plat of Lots 1, 2, 3, 4, 5, 6, 7, & 8 of the Plat of Prairie View."

Leigh Kelley, who owned property in the subdivision and was engaged in the real estate business, testified that there was general confusion in the identity of the lots and blocks of the revised plat of lots 1 to 8, inclusive, of Prairie View Addition, as against the lots of the unrevised portion of the original Prairie View Addition. This confusion was demonstrated by example. When asked how the lands in the subdivision had been conveyed between individuals since the revised plat was filed, the witness answered: "For those who are careful in descriptions they have been conveyed as lot and block number of the Revised Plat of lots 1 to 8, Prairie View Addition. A great many people have conveyed them, however, as lot and block number in the revised plat of the north half of Prairie View Addition, but an accurate description should be 'of the Revised Plat of Lots 1 to 8, Prairie View Addition.'"

In *Buckner* v. *Sugg*, 79 Ark. 442, 96 S. W. 184, this court, in commenting upon the sufficiency of the description of lands in a tax proceeding, said: "It is well settled, not only by the decisions of this court, but by the adjudged cases in the courts of other states, as far as we can discover, that, in order to make a valid assessment and sale of land for taxes, the land must be described with certainty upon the assessment rolls and in all subsequent proceedings for the enforcement of payment of the tax. The chief reason for this requirement is that the owner may have information of the charge upon his property. It has sometimes been said that a description that would be sufficient in a conveyance between individuals would generally be sufficient in assessment for taxation. We do not, however, consider that a safe test. The description in tax proceedings must be such as will fully apprise the owner, without recourse to the superior knowledge peculiar to him as owner, that the particular tract of his land is sought to be charged with a tax lien.

It must be such as will notify the public what lands are to be offered for sale in case the tax be not paid." In *Cooper* v. *Lee,* 59 Ark. 460, 27 S. W. 970, this court said: "A description which is intelligible only to persons possessing more than the average intelligence, or the use and understanding of which is confined to the locality in which the land lies, is not sufficient." These statements have been cited with approval in many subsequent cases. See, *Beck* v. *Anderson-Tully Co.,* 113 Ark. 316, 169 S. W. 246; *Guy* v. *Stanfield,* 122 Ark. 376, 183 S. W. 966; *Brinkley* v. *Halliburton,* 129 Ark. 334, 196 S. W. 118, 1 A. L. R. 1225; *Buchanan* v. *Pemberton,* 143 Ark. 92, 220 S. W. 660; *Shelton* v. *Byrom,* 206 Ark. 665, 177 S. W. 2d 421.

In *Massey* v. *Bickford,* 208 Ark. 685, 187 S. W. 2d 541, the validity of a tax sale was involved where the property was described as "Lot 5, Block 6, Fishback No. 2 Addition to the City of Fort Smith." The evidence disclosed that there was a "Fishback Addition" but no "Fishback No. 2 Addition" in Fort Smith. This court held the description insufficient to convey title and the tax proceedings based thereon void and not subject to confirmation. It was urged there, as it is here, that the lot might be definitely located by proof *aliunde,* but we said: "This cannot be true. Since the description places the lot in Fishback No. 2 Addition, no amount of proof *aliunde* could locate it in an addition that does not exist." See, also, *Boswell* v. *Jordan,* 112 Ark. 159, 165 S. W. 295. Under the authorities cited, we think the descriptions employed in the tax proceedings in the instant case were defective and misleading to any person only ordinarily versed in such matters. It is undisputed that there is neither a block 15 nor block 16 in Prairie View Addition and no amount of testimony would cure this defect in the description. The trial court was warranted in finding that the descriptions were insufficient and the tax proceedings based thereon, including the decree of confirmation, void and of no effect.

Appellants also contend that appellees are barred from attacking the confirmation decree by Act 423 of 1941 which provides that all attacks upon such decrees

after one year shall be taken as collateral and ineffectual, except in those cases where the taxes have actually been paid. The confirmation decree herein was rendered in 1937 and we have held that Act 423 of 1941 does not apply to confirmation decrees rendered prior to passage of the Act. *Schuman* v. *Walthour*, 204 Ark. 634, 163 S. W. 2d 517; *Lumsden* v. *Erstine*, 205 Ark. 1004, 173 S. W. 2d 409, 147 A. L. R. 1132.

Since we hold the deeds to appellants void because of the insufficiency of the descriptions, we find it unnecessary to determine whether the tax proceedings were also void because the sales record fails to show a sale of the property to the State, and whether such defect may be cured by confirmation.

Affirmed.

HOLT, J., not participating.